IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LAWRENCE SCIBLE,**

        **Plaintiff,**

**v.**                                              Civil Action No. 5:09cv4
                                                    (Judge Stamp)

**ROBIN MILLER, et. al.,**

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil action on January 16, 2009, by filing a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed as a pauper. In the complaint, the plaintiff asserts that the defendants knowingly and maliciously punished him under Huttonsville Correctional Center Rule 3.29 for preparing a memorandum for another inmate on the library computers. The plaintiff asserts that the rule is both vague and ambiguous in its definition of the term "legal use only" and that the application of the rule, which led to his punishment, did not apply in his situation. Additionally, the plaintiff asserts the defendants knowingly and maliciously punished him for the content of a letter plaintiff sent to the Governor of West Virginia's Office on March 5, 2008 .

After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following subsection was added to 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

> United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Pursuant to § 1915(g), this Court takes judicial notice of case number 2:09cv174 from the United States District Court for the Southern District of West Virginia, in which United States Magistrate Judge Mary Stanley found that the plaintiff has filed at least three civil actions that were dismissed as frivolous, malicious or for the failure to state a claim.[1] See Scible v. Lyle, 2:09cv174, dckt. #6 (S.D.W.Va. April 30, 2009) (citing Scible v. Moore, 2:00cv90 (N.D.W.Va. Mar. 4, 2004)(dismissed with prejudice for failure to state a claim); Scible v. Cookman, 2:02cv4 (N.D.W.Va. June. 26, 2002) (dismissed with prejudice for failure to state a claim); Scible v. Rubenstein, 2:05cv257 (S.D.W.Va. Apr. 25, 2006) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim); and Scible v. Miller, 1:05cv166 (N.D.W.Va. Mar. 19, 2007)(dismissed with prejudice)).

Upon a review of the cases cited by Magistrate Judge Stanley, the undersigned concurs that § 1915(g) is applicable to this plaintiff and he cannot initiate any civil action without first paying the $350.00 filing fee, or showing that he is under imminent danger of serious physical injury. Specifically, the undersigned notes the following:

1. Scible v. Moore, 2:00cv90

---

[1] The plaintiff objected to Magistrate Judge Stanley's Order on the basis that Scible v. Moore, and Scible v. Cookman should not count as strikes against him because they were not dismissed as frivolous or malicious, but for the failure to state a claim upon which relief may be granted. Moreover, the plaintiff asserts that at the time those cases were filed he was not an experienced litigator and he was proceeding *pro se*. Finally, the plaintiff asserts that he paid the full filing fee in those cases. After the filing of the plaintiff's objections, United States District Judge John T. Copenhaver remanded the matter to Magistrate Judge Stanley for further findings.

In this case, the plaintiff was granted permission to proceed as a pauper pursuant to 28 U.S.C. § 1915(e). The plaintiff paid an initial partial filing fee on May 17, 2002, and made subsequent payments until the entire filing fee was eventually paid in full. Upon preliminary review of the file, The Honorable Robert E. Maxwell, United States District Judge, determined that the plaintiff's complaint failed to state a complaint for which relief could be granted and dismissed the case as frivolous in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A.

2. Scible v. Cookman, 2:02cv4

In this case, the plaintiff was granted permission to proceed as a pauper under 28 U.S.C. § 1915. On May 10, 2002, the undersigned conducted a preliminary review of the file and issued an opinion recommending that the plaintiff's complaint be dismissed as frivolous in accordance with 28 U.S.C. §§ 1915(e) and 1915A. The Report and Recommendation was adopted in its entirety by Judge Maxwell on June 26, 2002. The plaintiff eventually made payments on the filing fee until the entire filing fee was paid in full.

3. Scible v. Rubenstein, 2:05cv257

In this case, the plaintiff was granted permission to proceed as a pauper under 28 U.S.C. § 1915. On June 27, 2005, Magistrate Judge Stanley issued an opinion recommending that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). That recommendation was adopted in its entirety by the Honorable John T. Copenhaver, United States District Judge.

In order to qualify as a strike under the "three strikes rule," a prior case need only have been dismissed as frivolous, malicious, *or for the failure to state a claim upon which relief may be granted*. The three cases mentioned above were all dismissed as frivolous, malicious or for the

3

failure to state a claim upon which relief may be granted. Accordingly, each of these cases qualifies as a strike for purposes of the "three strikes rule." Moreover, once the plaintiff is granted permission to proceed as a pauper, § 1915(g) becomes applicable and § 1915(g) makes no exceptions for inexperienced filers, or for plaintiffs that eventually pay the entire filing fee under the partial payment provisions of § 1915(b)(1). The only exception to the "three strikes rule" is for those persons that can show that they are under imminent danger of serious physical injury. In this case, the plaintiff merely complains of the conditions of the law library at Huttonsville Correctional Center. He makes absolutely no allegations which establish that he is under imminent danger of serious injury.

For the foregoing reasons, the plaintiff's Motion for Leave to Proceed In Forma Pauperis (dckt. 2) should be **DENIED** and this case **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit.").

Within ten (10) days after being served with a copy of this Opinion/Repot and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C.

4

§ 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 4, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE