IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


LAWRENCE SCIBLE,

        Plaintiff,

v.                                      Civil Action No. 5:09CV4
                                                         (STAMP)
ROBIN MILLER, et al.,

        Defendants.


                    **MEMORANDUM OPINION AND ORDER**
                    **AFFIRMING AND ADOPTING REPORT AND**
                    **RECOMMENDATION OF MAGISTRATE JUDGE**

                          I.  Background

    The pro se[1] plaintiff, Lawrence Scible, filed a civil action pursuant to 42 U.S.C. § 1983 alleging that the defendants knowingly and maliciously punished him under Huttonsville Correctional Center Rule 3.29 for preparing a memorandum for an inmate on the library computers. The plaintiff also contends that the defendants knowingly and maliciously punished him for a letter that he sent to the Office of the Governor of West Virginia. The plaintiff also filed a motion to proceed in forma pauperis.

    This matter was referred to United States Magistrate Judge John S. Kaull for a report and recommendation. On June 4, 2009, the magistrate judge issued a report and recommendation recommending that the plaintiff's motion to proceed in forma pauperis be denied, and that his complaint be dismissed without

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

prejudice.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections.  For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Because the plaintiff has not filed objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III.  Discussion

Under 28 U.S.C. § 1915(e)(2)(b), a court is required to review complaints filed by prisoners against governmental entities or their officers or employees and dismiss any portion of the complaint found to be frivolous or malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from providing such relief.  In determining whether a complaint states a claim upon which relief may be

granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Thus, a pro se complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Section 1915 also incorporates what is commonly referred to as a "three strikes" provision. See 28 U.S.C. § 1915(g) (2000). This provision states that an inmate who has submitted three prior actions or appeals that were later dismissed as frivolous, malicious, or for failure to state a claim is not allowed to proceed in future actions brought in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The statute does not preclude the inmate from filing additional actions, but does deny him the ability to proceed under pro se status. In this case, the plaintiff has previously filed at least three civil actions that have failed to state a claim.[2] Thus, his motion to proceed unless he can demonstrate "imminent danger of serious physical injury."

---

[2] See e.g. Scible v. Moore, Civil Action No. 2:00-cv-90 (case dismissed on March 4, 2004); Scible v. Cookman, Civil Action No. 2:02-cv-4 (case dismissed on June 26, 2002); and Scible v. Rubenstein, Civil Action No. 2:05-cv-257 (case dismissed on April 25, 2006).

Courts have found that such "imminent danger" can be present in a number of circumstances, including the consumption of unsafe drinking water, <u>Helling v. McKinney</u>, 509 U.S. 25 (1993), exposure to environmental tobacco smoke, <u>Gibbs v. Cross</u>, 160 F.3d 962 (3d Cir. 1998), placement of an inmate near known enemies after two stabbing incidents, <u>Ashley v. Dilworth</u>, 147 F.3d 715 (8th Cir. 1998), and alleged deliberate indifference to dental needs that resulted in multiple tooth extractions, <u>McAlphin v. Toney</u>, 281 F.3d 709 (8th Cir. 2002). Moreover, a district court has found that denial of necessary medical treatment for back pain and acid reflux can also present such danger. <u>Bond v. Aguinaldo</u>, 228 F. Supp. 2d 918 (N.D. Ill. 2002). However, in such cases the plaintiff's complaints have been supported by proof of "ongoing serious physical injury[] or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003).

Here, the plaintiff does not allege that he is in serious danger or imminent physical injury. Rather, the plaintiff complains of conditions at the law library located at Huttonsville Correctional Centner. This does not meet the standard of imminent danger of serious physical harm. Thus, the plaintiff is barred from pursuing this claim under § 1915.

## IV. <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court

4

finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's motion to proceed in forma pauperis is DENIED, and his complaint is DISMISSED WITHOUT PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely file objections to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: July 17, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE